# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY A. HICKMAN and <br> PARRY KENNEDY, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON FULLFILMENT, <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 15-1119 <br> ) Judge Nora Barry Fischer <br> ) <br> ) <br> ) |

## MEMORANDUM ORDER

This matter comes before the Court on a Motion to Dismiss and Brief in Support filed by Defendant Amazon Fulfillment, (Docket Nos. [12], [13]), seeking dismissal of *pro se* Plaintiffs Gregory A. Hickman and Parry Kennedy's Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, (Docket No. [8]) and Plaintiffs' Rule 26(f) Report, (Docket No. [19]), which the Court construes as Plaintiffs' response in opposition to the motion to dismiss.[1] For the following reasons, Defendant's Motion to Dismiss [12] is granted.

At the outset, the Court recognizes that factual allegations in *pro se* pleadings must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted) ("a document filed pro se is to be liberally construed."). Here, the handwritten *pro se* Complaint consists of three numbered paragraphs stating that: (1) they were injured at work due to them working hard and having feet problems; (2) they were discriminated against at work because Gregory was helping

---

[1] The Court notes that pursuant to the Order on Motions Practice entered in this case, (Docket No. 15), Plaintiffs' response to the motion to dismiss was initially due within 21 days of the motion being filed, or by November 9, 2015, a deadline which was not satisfied, resulting in the Court entering an Order to Show Cause directing Plaintiffs to file any response to the motion to dismiss by December 7, 2015. (Docket No. 18). In response to same, Plaintiffs filed the

Parry who is handicapped and was told to get away from her; and (3) that some of the problems with other employees at work have a lot to do with others being biased towards them and others at work. (Docket No. 8). The handwritten *pro se* Rule 26(f) Report which is signed only by Gregory Hickman provides additional factual allegations that are not set forth in the Complaint, clarifying the following:

> (1) his injury was due to a "foot problem" as his right foot started to grow an ulcer resulting in him feeling pain during his work at Amazon Fulfillment Warehouse between November 2014 and August 2015 for which he sought treatment at amcare (sic) and UPMC;
>
> (2) the discrimination that he went through involved him being harassed for trying to help Parry, who has a hearing aid, by an unidentified "guy" who made harassing statements to them and made them afraid; and,
>
> (3) that he attempted to help Parry to receive training to drive a forklift but the same was not was permitted. Gregory complains that he was told by "Scott" that Parry was restricted due to her disability and when he asked "Chris" about her schedule, he became angry at him, told him that Parry could speak for herself and acted like he wanted to fight.

(Docket No. 19). Gregory concludes that he and Parry left work a few days after this latest incident. (*Id.*).

These allegations, even liberally construed, are difficult for the Court to follow and likewise provide substantial difficulty for Amazon Fulfillment to attempt to defend given the lack of clarity set forth in the pleadings. With that said, the Court agrees with Defendant's assessment that Plaintiffs appear to have, at most, stated allegations in an attempt to possibly pursue federal causes of action against their alleged private employer for employment discrimination and/or retaliation under

---

handwritten Rule 26(f) Report on November 30, 2015. (Docket No. 19). Given their *pro se* status, the Court disregards the format and title of the submission and considers it as their response.

Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, the American with Disabilities Act, 42 U.S.C. § 12101, or the Rehabilitation Act, 29 U.S.C. § 794. This Court would have original jurisdiction over any such claims pursuant to 28 U.S.C. § 1331. Plaintiffs also may have attempted to set forth state law causes of action under the Pennsylvania Human Relations Act, 43 Pa. Stat. § 951 *et seq.*, for wrongful termination or negligence or some other theory resulting from his sustaining a workplace injury, claims over which this Court may be able to assert supplemental jurisdiction, 28 U.S.C. § 1367.

Defendant has advanced several theories of dismissal but the Court focuses on its position that Plaintiffs have failed to allege sufficient facts that they have exhausted all administrative remedies prior to bringing their employment discrimination claims.[2] (Docket No. 13). Plaintiffs have not directly responded to this argument. (Docket No. 19). As this Court has previously recognized,

> [i]t is well-established that "[a] plaintiff 'must exhaust all administrative remedies before bringing a claim for judicial relief.'" *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013) (quoting *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997)).

---

[2] The Court notes that it disagrees with Defendant's contention that it has raised a "jurisdictional" defense to its status as Plaintiffs' employer which may be evaluated under Rule 12(b)(1). (Docket No. 13). The one case cited by Defendant that dismissed a claim under Rule 12(b)(1) on this basis, *Kahn v. American Heritage Life Ins. Co.*, 324 F. Supp. 2d 652, 657 (E.D. Pa. 2004), was recently questioned by a panel of the Court of Appeals. *See Washington v. Client Network Services, Inc.*, 590 F. App'x 126, 130, n.6 (3d Cir. 2014) (noting that the District Court dismissed claim for lack of jurisdiction as defendant was not plaintif's employer under Rule 12(b)(1) relying on *Kahn* and the Court of Appeals "questioned that conclusion"); *cf. Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 83 (3d Cir. 2003) (quotation omitted) ("Federal jurisdiction is implicated only when the Title VII claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial or frivolous."). The other cases cited by Defendant were decided under Rules 12(b)(6) or 56 and do not support the "jurisdictional" basis for dismissal. (*See* Docket No. 13). Hence, as this motion is properly considered as raising a Rule 12(b)(6) defense, the Court is unable to consider the affidavit attached to Defendant's motion without converting the motion to a motion for summary judgment under Rule 56, which the Court declines to do at this stage. *See* FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

> Only after the EEOC investigates a properly-filed charge and issues a right-to-sue letter can the plaintiff initiate a private action. *See Burgh v. Borough Council*, 251 F.3d 465, 470–71 (3d Cir. 2001) (explaining the EEOC investigation and administrative resolution process). Even then, the Third Circuit Court of Appeals has explained that "[a] plaintiff's claim must ... fall 'fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom.'" *Mandel*, 706 F.3d at 163 (quoting *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996)). Failure to exhaust administrative remedies provides a basis for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Anjelino v. New York Times Co.*, 200 F.3d 73, 87–88 (3d Cir. 1999).

*Smith v. Ctr. For Organ Recovery & Educ.*, Civ. A. No. 13-428, 2013 WL 4049550, at *3 (W.D. Pa. Aug. 9, 2013). The law is equally well settled that administrative exhaustion is required for each of the employment discrimination theories that have been potentially advanced by Plaintiffs seeking relief under the ADA, Title VII, the Rehabilitation Act, and the PHRA. *See e.g., Mandel*, 706 F.3d at 163 (employment discrimination claims under Title VII and PHRA must satisfy exhaustion requirements); *Churchill v. Star Enterprises*, 183 F.3d 184, 190-91 (3d Cir. 1999) (claims under Title I of the ADA require administrative exhaustion); *Wilson v. MVM, Inc.*, 475 F.3d 166, 174 (3d Cir. 2007) ("a plaintiff must exhaust administrative remedies before bringing a claim under the [Rehabilitation Act].").

Neither Plaintiffs' *pro se* Complaint nor their Rule 26(f) Report contain any allegations demonstrating that the exhaustion requirements have been satisfied by filing the prerequisite charge with the administrative agencies (i.e., EEOC or PHRC) and obtaining a right to sue letter. (*See* Docket Nos. 8, 19). However, when a *pro se* complaint fails to contain sufficient facts to demonstrate that the exhaustion requirements have been met, the appropriate disposition is to dismiss the complaint, without prejudice, and grant leave to amend to cure the deficiencies. *See e.g.,*

4

*Phillips v. Sheraton Society Hill*, 163 F. App'x 93, 94 (3d Cir. 2005). This rule prevails because Plaintiffs may be able to plead that they have exhausted their claims but merely failed to include allegations that they have exhausted their administrative remedies with the EEOC or PHRC in their complaint and/or failed to attach their right-to-sue letters to their pleadings. *See id.* Therefore, Plaintiffs' federal employment discrimination claims must be dismissed, without prejudice, for failure to exhaust administrative remedies. In addition, given the dismissal of all of the federal claims set forth in the Complaint and Rule 26(f) Report, the Court declines to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … (3) the district court has dismissed all claims over which it has original jurisdiction.").

For the reasons,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [12] is GRANTED;

IT IS FURTHER ORDERED that Plaintiffs' Complaint and Rule 26(f) Report, to the extent that it is construed as attempting to amend and/or clarify the claims, [8] [19] are DISMISSED, without prejudice; and,

IT IS FURTHER ORDERED that Plaintiffs shall file an Amended Complaint curing the deficiencies identified in this Memorandum Order by **January 7, 2016** and that failure to file an Amended Complaint by this deadline will result in this case being marked CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: December 17, 2015

cc/ecf: All counsel of record.

        Gregory A. Hickman
        Parry Kennedy
        526 Park Avenue
        Pittsburgh, PA 15221
        (Regular & Certified Mail)