# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREGORY A. HICKMAN, )
)
Plaintiff, )
)
v. )    Civil Action No. 15-1119
)    Judge Nora Barry Fischer
)
AMAZON FULLFILMENT, )
Defendant. )

## MEMORANDUM ORDER

This employment discrimination case returns to the Court on a renewed motion to dismiss

filed by Defendant Amazon Fullfilment (sic), seeking to dismiss *pro se* Plaintiff Gregory Hickman's

Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket

Nos. 22, 23, 30). This Court previously dismissed Plaintiff's initial Complaint[1] for failing to plead

that he had exhausted his administrative remedies by filing a charge with the Equal Employment

Opportunity Commission, ("E.E.O.C."), and/or the Pennsylvania Human Relations Commission,

("P.H.R.C."), with explicit instructions that he address such deficiencies in an Amended Complaint.

(Docket No. 20). Presently before the Court are Plaintiff's Amended Complaint filed on January 7,

2016, (Docket No. 21); Defendant's Motion to Dismiss and supporting Brief dated January 21, 2016,

(Docket Nos. 22, 23); Plaintiff's Response to the Court's Show Cause Order submitted on February

29, 2016,[2] (Docket No. 25); Plaintiff's additional Response of March 15, 2016, (Docket No. 27);

---

[1]     Similar employment discrimination claims brought by former co-plaintiff Parry Kennedy were likewise dismissed in the same Memorandum Order. (Docket No. 20). Ms. Kennedy's claims were later dismissed by the Court for failure to prosecute. (Docket No. 29).

[2]     The Court notes that Plaintiff did not timely respond to Defendant's motion to dismiss within 21 days as is required under the Motions to Practice Order, causing the Court to issue an Order to Show Cause. (Docket No. 24). He did, however, timely respond to the Order to Show Cause by the February 29, 2016 deadline. (Docket No. 25).

and, Defendant's Reply Brief filed on March 30, 2016, (Docket No. 30). After careful consideration of all of the parties' submissions and for the following reasons, Defendant's Motion [22] is granted and the Amended Complaint [21] will be dismissed, for failure to exhaust administrative remedies.

At the outset, the Court recognizes that factual allegations in *pro se* pleadings must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted) ("a document filed *pro se* is to be liberally construed."). Here, Plaintiff claims that he was terminated or constructively discharged from his position at Amazon Fullfilment (sic) that he held as a contract employee of Kelly Services. (Docket No. 21). He avers that his separation from this employment resulted from a number of issues that he faced at this job including: a workplace injury to his foot; a mental disability; harassment and physical threats made by co-workers; and, retaliation related to his assistance of a disabled co-worker, former co-plaintiff Parry Kennedy. (*Id.*). Plaintiff has potentially invoked federal laws such as Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, the American with Disabilities Act, 42 U.S.C. § 12101, or the Rehabilitation Act, 29 U.S.C. § 794. He also may have raised state law causes of action under the Pennsylvania Human Relations Act, 43 Pa. Stat. § 951 *et seq.*, for wrongful termination or negligence or some other theory resulting from his sustaining a workplace injury.

Defendant has raised a number of arguments in support of its Rule 12(b)(6) motion, including: failure to exhaust administrative remedies; that it was not Plaintiff's "employer" under the applicable employment discrimination laws; and that the facts alleged in the Amended Complaint do not state a plausible claim for relief under those employment discrimination statutes. (Docket Nos. 22, 23, 30). Defendant also maintains that the Court should decline to exercise supplemental jurisdiction over any state law claims if the federal claims are all dismissed. (*Id.*). The Court

focuses on the exhaustion argument as it is dispositive in this instance and declines to address the merits of Defendant's additional arguments seeking dismissal under Rule 12(b)(6) claiming that it is not Plaintiff's employer and that he has failed to state a claim under the *Iqbal-Twombly* pleading standards.

As this Court previously recognized,

> [i]t is well-established that "[a] plaintiff 'must exhaust all administrative remedies before bringing a claim for judicial relief.'" *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013) (quoting *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997)). Only after the EEOC investigates a properly-filed charge and issues a right-to-sue letter can the plaintiff initiate a private action. *See Burgh v. Borough Council*, 251 F.3d 465, 470–71 (3d Cir. 2001) (explaining the EEOC investigation and administrative resolution process). Even then, the Third Circuit Court of Appeals has explained that "[a] plaintiff's claim must ... fall 'fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom.'" *Mandel*, 706 F.3d at 163 (quoting *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996)). Failure to exhaust administrative remedies provides a basis for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Anjelino v. New York Times Co.*, 200 F.3d 73, 87–88 (3d Cir. 1999).

*Smith v. Ctr. For Organ Recovery & Educ.*, Civ. A. No. 13-428, 2013 WL 4049550, at *3 (W.D. Pa. Aug. 9, 2013). The law is equally well settled that administrative exhaustion is required for each of the employment discrimination theories that have been potentially advanced by Plaintiff seeking relief under the ADA, Title VII, the Rehabilitation Act, and the PHRA. *See e.g., Mandel*, 706 F.3d at 163 (employment discrimination claims under Title VII and PHRA must satisfy exhaustion requirements); *Churchill v. Star Enterprises*, 183 F.3d 184, 190-91 (3d Cir. 1999) (claims under Title I of the ADA require administrative exhaustion); *Wilson v. MVM, Inc.*, 475 F.3d 166, 174 (3d Cir. 2007) ("a plaintiff must exhaust administrative remedies before bringing a claim under the

[Rehabilitation Act].").

Liberally construing the allegations in all of Plaintiff's filings, he has not alleged that he has filed a charge of discrimination against Amazon Fullfilment (sic), or Kelly Services, with the E.E.O.C. or the P.H.R.C. (Docket Nos. 21, 25, 27). He has also not submitted a right-to-sue letter from either of these agencies which would demonstrate that his employment discrimination claims have been exhausted. (*Id.*). Instead, Plaintiff explains in his Amended Complaint that he made a complaint of some type to NAVEX Global which he describes as an ethics reporting program and received a report number of KS-12-0204. (Docket No. 21). He adds that he also made handwritten *pro se* complaints to Kelly Services directly pursuant to company policies. (*Id.*).

But, Courts have held that these types of internal and external complaints cannot substitute for filing the necessary charges of discrimination with the E.E.O.C. or the P.H.R.C., which are statutory prerequisites that must be met before filing an employment discrimination case in federal court. *See e.g. Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 240, 97 S. Ct. 441, 449, 50 L. Ed. 2d 427 (1976) (union grievance procedures do not toll Title VII limitations period); *Kramer v. Exxon Mobil Corp.*, 2009 WL 1544690, at *3 (D. N.J. Jun. 3, 2009) (internal complaint not sufficient to demonstrate exhaustion of ADA claim). When a *pro se* complaint fails to contain sufficient facts to demonstrate that the exhaustion requirements have been met, the appropriate disposition is to dismiss the complaint, without prejudice. *See e.g., Phillips v. Sheraton Society Hill*, 163 F. App'x 93, 94 (3d Cir. 2005); *Kostial v. Toyota of Greensburg*, Civ. A. No. 11-725, 2011 WL 6090695, at *5 (W.D. Pa. Nov. 15, 2011). As Plaintiff has neither pled nor proved that he filed charges of discrimination with the E.E.O.C. or the P.H.R.C. before initiating this federal lawsuit, the Amended Complaint must be

dismissed, without prejudice, as his employment discrimination claims are premature. *See Spence v. Straw*, 54 F.3d 196, 202 (3d Cir. 1995) ("We believe that the complaint should be dismissed as premature, rather than untimely, and without prejudice to Spence's potential to file suit again upon exhaustion of administrative remedies.").

The Court must now consider whether leave to amend should be granted and understands that in *pro se* employment discrimination actions such as this one, leave to amend should be generally permitted. *See Phillips*, 163 F. App'x at 94. However, leave to amend may be denied if the amendment would be futile which can be demonstrated by the failure of a plaintiff to cure deficiencies in a complaint despite being given multiple opportunities to amend. *See e.g., S.K. v. N. Allegheny Sch. Dist.*, No. CV 14-218, 2015 WL 7308671, at *5 (W.D. Pa. Nov. 19, 2015) (citing 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d ed. 2010)) ("[I]f the court determines that plaintiff has had multiple opportunities to state a claim but has failed to do so, leave to amend may be denied."); *Bryant v. Cherna*, 520 F. App'x 55, 58 (3d Cir. 2013) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002)) ("The District Court did not err in declining to allow Bryant a further opportunity to amend his complaint, see as it had already provided Bryant two previous opportunities to amend.").

Based on the record in this case, the Court finds that leave to amend must be denied because Plaintiff has been afforded multiple opportunities to cure the deficiencies in the pleadings but has failed to do so. *See id.* To this end, Defendant has raised the issue of administrative exhaustion via two separate motions to dismiss, (Docket Nos. 12, 13, 22, 23); the Court previously granted Plaintiff leave to amend, with directives that he cure these deficiencies, (Docket No. 20); and the Court also entered two separate Orders directing Plaintiff to respond to this specific argument concerning

administrative exhaustion, (Docket Nos. 24, 26). Despite all of these opportunities, none of Plaintiff's filings have advised that he filed charges of discrimination with the E.E.O.C. or the P.H.R.C. (Docket Nos. 21, 25, 27). Overall, it appears to the Court that Plaintiff simply has not exhausted his claims at this juncture, such that any further amendment of his pleadings would fail for the same reasons. *See e.g., Harding v. Provident Life and Acc. Ins. Co.*, 809 F. Supp. 2d 403, 420 (W.D. Pa. Aug. 19, 2011) ("the Court will not grant Plaintiff leave to amend her Complaint at this time because as she has failed to timely exhaust her administrative remedies, any such amendment would be futile"). Hence, leave to amend is denied.

In addition, given the dismissal of all of the federal claims set forth in the Amended Complaint, the Court declines to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … (3) the district court has dismissed all claims over which it has original jurisdiction.").

For these reasons,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [22] is GRANTED;

IT IS FURTHER ORDERED that Plaintiffs' Amended Complaint [21] is DISMISSED, without prejudice; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this case CLOSED.


*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated:      April 5, 2016

cc/ecf:       All counsel of record.

               Gregory A. Hickman
               526 Park Avenue
               Pittsburgh, PA 15221
               (Regular & Certified Mail)